**Rafael Alberto Llovera LINARES,**
**Plaintiff–Appellant,**

v.

**ARMOR CORRECTIONAL HEALTH SERVICES, INC., Defendant–Appellee.**

**No. 14–12288**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 28, 2015.

Rafael Alberto Llovera Linares, Gadsden, AL, pro se.

Before MARCUS, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Rafael Linares, proceeding *pro se,* appeals the district court's *sua sponte* dismissal of his complaint for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine.*

---

* The *Rooker–Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *D.C. Court*

We review a district court's application of the *Rooker–Feldman* doctrine *de novo. Lozman v. City of Riviera Beach,* 713 F.3d 1066, 1069–70 (11th Cir.2013). Under the *Rooker–Feldman* doctrine, federal district courts lack subject matter jurisdiction to review, reverse, or invalidate a final state court decision. *Nicholson v. Shafe,* 558 F.3d 1266, 1268 (11th Cir.2009). The doctrine applies to cases in which a party complains of injuries caused by a state court judgment and invites the district court to review and reverse that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005). If at any time the district court determines that it lacks subject matter jurisdiction, it must dismiss the action. FED.R.CIV.P. 12(h)(3).

Here, Linares sought to have the district court review the state court's judgment and send the case back to state court. Under the *Rooker–Feldman* doctrine, the district court did not have subject matter jurisdiction either to review the state court judgment or to grant the requested relief. The district court did not err by dismissing the case *sua sponte.* FED.R.CIV.P. 12(h)(3).

**AFFIRMED.**

---

*of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).